UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-CV-3152 |
| | § | |
| GERALD YOUNG and HOPEWELL | § | |
| RISK STRATEGIES, LLC | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Steven Turner hereby files this Original Complaint, and respectfully shows as follows:

### I.     PRELIMINARY STATEMENT

1. This case involves a breach of a settlement agreement. In 2013, Hopewell Risk Strategies, LLC ("Hopewell") agreed through a binding, mediated settlement agreement to resolve a lawsuit filed by Steven Turner by paying $627,471.20 in 40 equal monthly installments, as well as commissions and other compensation to Turner. However, Hopewell quickly breached its obligations, failing to make the payments it promised to make under the settlement agreement. This lawsuit seeks damages against Hopewell and its owner, Gerald Young, resulting from the breach of this settlement agreement and from Defendants' fraudulent representations made in that settlement agreement.

## II. PARTIES

2. Steven Turner is an individual residing in Galveston County, Texas.

3. Gerald Young is an individual residing in Washington, D.C. He may be served at 6315 28th Place, NW, Washington, DC 20015, or where found.

4. Hopewell is a New Jersey limited liability company. Hopewell may be served through its registered agent for service of process in Texas, Patel Ervin, PLLC, at 1113 Vine St., Suite 230, Houston, TX 77002.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000. Turner is an individual residing in Galveston County, Texas. Young is a citizen and resident of Washington, DC. Hopewell Risk Strategies, LLC is a New Jersey limited liability company. Young is the sole member of Hopewell. Hopewell is thus a citizen of Washington, DC, for the purpose of determining diversity because Young's citizenship is imputed to it. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."); *Ascend Performance Materials, L.L.C. v. F.W. Walton, Inc.*, CIV. H-11-4209, 2012 WL 130196 (S.D. Tex. Jan. 17, 2012) (same). Accordingly, the parties are completely diverse.

6. This Court has personal jurisdiction over Hopewell because it has an office in Texas and transacts a substantial amount of business in Texas. Likewise, the Court has personal jurisdiction over Young because he also transacts a substantial amount of business in Texas and he has previously assented to the personal jurisdiction of Texas courts. This Court's assertion of

jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV.   FACTUAL BACKGROUND

8. In 2006, Steven Turner purchased a medical bill review company, Moody Review, Inc. In 2009, Hopewell agreed to purchase Moody Review from Mr. Turner pursuant to the terms of an Asset Purchase and Acquisition Agreement (the "Acquisition Agreement").

9. Under the Acquisition Agreement, the price to be paid by Hopewell to Mr. Turner would be based on a formula of gross revenues of the company over the twelve months following the acquisition, and this price was later determined to be $1,716,296.84. The payments to Mr. Turner were to be made in equal installments on a quarterly basis over a four-year period.

10. Due to mismanagement by Mr. Young, Hopewell failed to make these payments, and the parties later agreed to extend the amount of time Hopewell had to pay off Mr. Turner, from four years to eight. But Hopewell failed to make even these reduced payments, resulting in Mr. Turner filing suit in Galveston County in 2012. The case was subsequently removed to federal court and assigned Cause No. 3:12-cv-00119. On May 30, 2012, the parties mediated with Alan Levin in Houston and reached an agreement to resolve this dispute. A true and correct copy of the binding mediated settlement agreement (the "Settlement Agreement") is attached hereto as Exhibit A. The Settlement Agreement was signed by Gerald Young.

11. Under the terms of the Settlement Agreement, Hopewell agreed to pay $627,471.20 in equal installments of $15,686.78 beginning on June 1, 2012 and continuing on the 1st of each succeeding month thereafter for the next 39 months. Hopewell further agreed to make certain commission payments to Mr. Turner (which the parties had previously agreed to) from June 1, 2012 and continuing thereafter for 40 months, as well as 50% of the total payment received by Hopewell from SCM for May 15, 2012 and June 15, 2012.

12. Almost immediately after the Settlement Agreement was signed and the lawsuit against Defendants was dismissed, Defendants began to breach their promises under the Settlement Agreement. On information and belief, Defendants made empty promises that they could not and did not intend to fulfill to induce Mr. Turner to dismiss the lawsuit and enter into the Settlement Agreement. Defendants made only a few payments under the Settlement Agreement (and even these payments were late), then stopped performing altogether. The parties again mediated with Alan Levin on November 13, 2013 in an effort to resolve this dispute, but the mediation was not successful. Since that time, Defendants have made no effort to comply with the Settlement Agreement.

### V. CAUSE OF ACTION

**Count One - Breach of Contract (Against Hopewell)**

13. The foregoing allegations are incorporated herein by reference.

14. The Settlement Agreement is a vilid and enforceable contract whereby Hopewell agreed to make payments to Mr. Turner as set forth above.

15. Mr. Turner performed his promises under the Settlement Agreement.

16. Hopewell breached the Settlement Agreement by failing to make payment to Mr. Turner as set forth above.

17. Mr. Turner suffered actual and consequential damages as a result of the breaches of contract by Hopewell, which Steven Turner now sues to recover.

### Count Two - Fraudulent Inducement (Against Hopewell and Gerald Young)

18. The foregoing allegations are incorporated herein by reference.

19. In the Settlement Agreement, Hopewell and Gerald Young promised Mr. Turner that Hopewell would make the payments referenced herein.  These statements were false, and were made with the intention of deceiving Mr. Turner by inducing Steven Turner to enter into the Settlement Agreement.

20. Hopewell and Gerald Young knew these representations were false when they were made, and had no intention of performing these false promises.

21. The fraudulent misconduct of Hopewell and Gerald Young has caused actual and consequential damages to Steven Turner, which he now sues to recover.  Plaintiff also seeks, in the alternative, the equitable remedy of rescission of the Settlement Agreement, in which case he would be entitled to the balance owed by Hopewell under the Acquisition Agreement.

22. Because the acts of Hopewell and Gerald Young were fraudulent, willful, intentional, and/or reckless, Steven Turner seeks punitive damages in an amount to be determined by the trier-of-fact.

### Count Three - Fraud by Omission (Against Hopewell and Gerald Young)

23. The foregoing allegations are incorporated herein by reference.

24. When the parties signed the Settlement Agreement, Defendants knew that Mr. Turner was ignorant of the fact that Hopewell could not make the payments it was promising to make under the Settlement Agreement. Defendants also knew that Mr. Turner did not have an equal opportunity to discover these facts.

25. Defendants were deliberately silent regarding these facts when they had a duty to disclose them to Mr. Turner.

26. By failing to disclose these facts, Defendants intended to induce Mr. Turner to take some action, specifically, to sign the Settlement Agreement, even though Defendants could not perform the Settlement Agreement.

27. Plaintiff relied upon Defendants' nondisclosure, and suffered damages as a result, for which Plaintiff now sues. Plaintiff also seeks, in the alternative, the equitable remedy of rescission of the Settlement Agreement, in which case he would be entitled to the balance owed by Hopewell under the Acquisition Agreement.

28. Because the omissions of Hopewell and Gerald Young were fraudulent, willful, intentional, and/or reckless, Steven Turner seeks punitive damages in an amount to be determined by the trier-of-fact.

## VI.   RELIEF SOUGHT

WHEREFORE, Steven Turner respectfully requests that Defendants be cited to appear and that upon final trial, Mr. Turner be awarded actual, consequential and punitive damages, as well as attorney's fees, costs of court and such other and further relief, in law or in equity, to which Mr. Turner may justly be entitled.

Respectfully submitted,

By: /s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Southern District of Texas Number 639625
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**